IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BJORN ERIK HAAPANIEMI, formerly known as PETER LEE NORRIS,<br>Petitioner,<br><br>v.<br><br>WARDEN HIJAR, et al.,<br>Respondents. | § § § § § § § § § | EP-21-CV-291-DCG |

## MEMORANDUM OPINION AND ORDER

Bjorn Erik Haapaniemi, Federal Prisoner Number 22106-508, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1-2. In his Petition, he challenges his conviction in the United States District Court for the District of Alaska for mailing threatening communications. Id. at 4. He is not entitled to § 2241 relief for the following reasons.

## BACKGROUND

Haapaniemi is a 57-year-old federal prisoner serving a 108-month sentence for stalking and making threatening communications. Id. His projected release date is July 3, 2027. See Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 22106-508) (last visited Dec. 6, 2021). He is currently incarcerated at the La Tuna Federal Correctional Institution in Anthony, Texas. Id. His place of confinement is in El Paso County, Texas, which is within the jurisdiction of the United States District Court for the Western District of Texas. 28 U.S.C. § 124(d)(3).

Haapaniemi started sexually abusing his seventeen-year-old biological daughter in 2003 while they lived in Arizona. See United States v. Norris, 3:19-CR-00078-1-RRB, Sentencing Memo. 5, ECF No. 90; see also id., Plea Agreement 4–8, ECF No. 35.[1] He married his

---

[1] Federal Rule of Evidence 201 permits the Court "to take judicial notice of an adjudicative fact if the fact is not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned." Ferguson v. Extraco Mortgage Co., 264 F. App'x 351, 352 (5th Cir. 2007)

biological daughter in 2005. Id., Sentencing Memo. 5, ECF No. 90. His incestuous relationship produced children in 2003, 2006, and 2007. Id. After the birth of the third child, he moved his family to Alaska. Id.

In August 2018, a physician in Alaska expressed concern about the potential sexual abuse of Haapaniemi's granddaughter. Id. He referred the case to the Alaska Office of Children's Services (OCS) for further investigation. Id.

Meanwhile, the Scottsdale Police Department opened an investigation into Haapaniemi's sexual abuse of his daughter while they lived in Arizona. Id. at 6. Their investigation led to a ten-year sentence for sexual conduct with a minor in cause number CR2009-007808-001 in the Superior Court of Arizona. Id. at 7.

While incarcerated in Arizona, Haapaniemi learned an OCS investigator had cooperated with the Scottsdale police. Id. at 8. As a result, he started stalking the investigator by sending her threatening letters through the United States mail. He said he would reveal sensitive digital information unless the investigator fulfilled his demands. Id. at 8–9. He also mailed threatening letters and attempted to extort concessions from an attorney. Id. at 10–11. And he attempted to extort concessions from an FBI special agent assigned to his case. Id. at 11–12. He claimed he would injure the property and reputation of others if the FBI special agent failed to comply with his demands. Id.

A grand jury in Alaska indicted Haapaniemi. Id., Indictment, ECF No. 2. It charged him with stalking the OCS investigator, in violation of 18 U.S.C. § 2261 (Count One); extortion, in

---

(citing Taylor v. Charter Med. Corp., 162 F.3d 827, 829 (5th Cir. 1998) (internal quotation marks omitted). The Court may take judicial notice of matters of public record. See Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011). The Court "may take judicial notice on its own." Fed. R. Evid. 201(c)(1).

violation of 18 U.S.C. § 876(d) (Count Two); and mailing threatening communications to a federal law enforcement officer, also in violation of 18 U.S.C. § 876(d) (Count Three). Id. He pled guilty, pursuant to a plea agreement, to Count One and Count Three. Id., Plea Agreement, ECF No. 35. He was sentenced to consecutive terms of 60 months' confinement on Count One—and 48 months' confinement on Count Two. Id., J. Crim. Case, ECF No. 101. He was also ordered to serve his federal sentence consecutively to his state-imposed sentence. Id.

Haapaniemi did not file a direct appeal—but he did file a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 in the sentencing court. Id., Mot. to Vacate, ECF No. 111. He claimed his communications with the FBI special agent were protected speech under the First Amendment. Id. at 4. He also explained he never threatened bodily harm—he only threatened to erase a "digital existence." Id. at 7.

The sentencing court denied Haapaniemi's motion. Id., Order, ECF No. 126. It reasoned Haapaniemi voluntarily waived any claim of actual innocence in the Plea Agreement and subsequent colloquy—and the Government was not required to prove that he threatened bodily harm to any person as "he was not accused of threatening physical harm." Id. at 1.

In his Petition, Haapaniemi again claims his statements to the FBI special agent were protected speech under the First Amendment. Pet'r's Pet. 7, ECF No. 1-2. He maintains "[a]sking an FBI officer to talk to your probation officer in exchange for cooperation is not 'extortion.'" Id. He alleges none of his four attorneys ever let him see a page of discovery. Id. He avers his Sixth Amendment rights were violated when an attorney used privileged information to have him locked up "so he could not fight his case." Id. Finally, he contends the prosecutor

manipulated his attorney. Id. at 8. He asks the Court to vacate his conviction on Count Three—but not on Count One. Id. at 4, 8.

## APPLICABLE LAW

As a preliminary matter, a reviewing court must determine whether a claim is properly raised in a § 2241 petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254 R. 4; see R. 1 ("The district court may apply any or all of these rules to a habeas corpus petition . . .").

### A. 28 U.S.C. § 2241

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992).

### B. 28 U.S.C. § 2255

By contrast, a motion to vacate or correct a sentence pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" Pack, 218 F.3d at 451 (quoting Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or sentencing. Cox, 911 F.2d at 1114 (5th Cir. 1990); Ojo v. INS,

106 F.3d 680, 683 (5th Cir. 1997); Solsona v. Warden, F.C.I., 821 F.2d 1129, 1131 (5th Cir. 1987). A § 2255 movant may only bring his motion in the district of conviction and sentence. Pack, 218 F.3d at 452.

### C. Savings Clause

As a result, a federal prisoner who wants to challenge his conviction or sentence must generally seek relief under § 2255. Padilla v. United States, 416 F.3d 424, 426 (5th Cir. 2005). But he may raise his claims in a § 2241 petition if they fall within the "savings clause" of § 2255(e). Id. Section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added). Case law establishes a petitioner must satisfy a two-prong test to successfully invoke the savings clause:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Moreover, a petitioner must prove both prongs. Padilla, 416 F.3d at 426. Indeed, a § 2241 petition is not a mere substitute for a § 2255 motion, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. Reyes-Requena, 243 F.3d at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)).

## ANALYSIS

Haapaniemi challenges his conviction in the United States District Court for the District of Alaska. Pet'r's Pet. 2, 7–8, ECF No. 1-2. He claims that his statements to the FBI special agent were merely "hyperbole" and protected speech under the First Amendment. Id. at 7. He suggests that if his attorneys had reviewed the discovery, they would have reached the same conclusion. Id. He also avers an attorney violated his Sixth Amendment rights when she used privileged information to have him locked up "so he could not fight his case." Id. Finally, he contends the prosecutor somehow manipulated his attorney and, as a result, he pled guilty to Count Three of the Indictment. Id. at 8

As the Court noted above, a § 2255 motion—not a § 2241 petition— "'provides the primary means of collateral attack on a federal sentence.'" Pack, 218 F.3d at 451. Nonetheless, the savings clause in § 2255(e) allows a district court with jurisdiction over a prisoner's custodian to entertain a § 2241 petition challenging a federal sentence if it first concludes that a § 2255 motion is inadequate to challenge a prisoner's detention. 28 U.S.C. § 2255(e).

The first prong of the § 2255(e) savings clause test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law." Reyes-Requena, 243 F.3d at 903. The second prong requires a petitioner to show his "argument falls within the scope of, and is excluded by, a prior holding of a controlling case." Garland v. Roy, 615 F.3d 391, 398 (5th Cir. 2010).

Haapaniemi asserts he was imprisoned for the conduct described in Count Three of the Indictment which was not prohibited by law. Pet'r's Pet. 7, ECF No. 1-2. He claims he was merely exercising his First Amendment rights. He is wrong.

Count Three of the indictment alleged Haapaniemi mailed threatening communications to a federal law enforcement officer in violation of 18 U.S.C. § 876(d). Section 876(d) provides:

> Whoever, with intent to extort from any person any money or other thing of value, knowingly so deposits or causes to be delivered, as aforesaid, any communication, with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to injure the property or reputation of the addressee or of another, or the reputation of a deceased person, or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both. If such a communication is addressed to a United States judge, a Federal law enforcement officer, or an official who is covered by section 1114, the individual shall be fined under this title, imprisoned not more than 10 years, or both.

Haapaniemi agreed to the following factual basis in his Plea Agreement:

### Count 3: Mailing a Threatening Communication to W.T.

Regarding Count 3, on or about April 24, 2019, through April 30, 2019, the defendant intended to extort anything of value from any natural person, and, to accomplish that goal, knowingly deposited into the United States Postal Service, and caused to be delivered, a letter addressed to W.T. The defendant knew the letter contained a threat to injure the property or reputation of another person. The defendant mailed the letter from Arizona to Alaska.

The defendant knew that W.T. was a Federal law enforcement officer because W.T. and other law enforcement officers interviewed the defendant, while he was in custody at Arizona Department of Corrections - Eyman, on or about April 23, 2019, and, again, on May 22, 2019. Prior to the first interview, W.T. identified herself to the defendant as an FBI Special Agent. W.T. invited the defendant to write letters to W.T. and mail them to her in Alaska.

The defendant was motivated to send the letter to W.T. because she was an FBI Special Agent. In the letter, the defendant offered W.T. a "compromise + solution" in which "if you help me, I will help you." However, the defendant also wrote that "I won't do it one-sided - some things need to be ironed out."

The defendant wrote that he wanted W.T. to fulfill four tasks, which were things of value to the defendant: first, acquiring "my reports on kids I was promised" (i.e. the reports that [the OCS investigator] did not provide to the defendant after he relinquished parental rights in the CINA case); second, "push[ing] along" the processing of a document the defendant described as a formal

renouncement of his United States citizenship; third, "act[ing] as intermediary between" the defendant and the Sexual Conduct victim "to resolve some issues"; and, fourth, "last but not least," "educat[ing]" Arizona probation officers. Regarding this fourth task, the defendant asked that W.T. persuade probation officers to allow the defendant to have contact with a person whom the defendant described as co-owning a business with the defendant, but whom probation officers had forbidden the defendant to contact.

The defendant's letter contained a threat that, if W.T. failed to fulfill the defendant's tasks, the defendant would injure the property or reputation of another person by "ordering others to issue mayhem."

United States v. Norris, 3:19-CR-00078-1-RRB, Plea Agreement 7–8, ECF No. 35. Consequently, the record clearly shows Haapaniemi admitted to all the elements of a § 876(d) offense in the Plea Agreement—and was not actually innocent.

Moreover, Haapaniemi does not identify a Supreme Court decision retroactively applicable to his case which establishes that he may have been convicted of a nonexistent offense. He also does not argue his claim was foreclosed by circuit law at the time he raised it before the trial court, in an appeal, or in his first § 2255 motion. Indeed, he unsuccessfully raised the claim in a § 2255 motion which the sentencing court denied on both procedural and substantive grounds. Id., Mot. to Vacate 7, ECF No. 111; id., Order, ECF No. 126. His "prior unsuccessful § 2255 motion, or the inability to meet [the Anti-Terrorism and Effective Death Penalty Act's] 'second or successive' requirement, does not make § 2255 inadequate or ineffective." Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

## CONCLUSION AND ORDERS

The Court finds Haapaniemi cannot satisfy either prong of the § 2255(e) savings clause test. Reyes-Requena, 243 F.3d at 904. Hence, it finds he cannot meet his burden of demonstrating the inadequacy or ineffectiveness of a § 2255 motion properly filed in the

sentencing court. And it therefore concludes that his claims are not cognizable in this Court in a § 2241 habeas corpus action. It will accordingly dismiss his petition for lack of jurisdiction.

The Court accordingly enters the following orders:

**IT IS ORDERED** that that Haapaniemi's pro se "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-2) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, to the extent that Haapaniemi's Petition may be construed as a second or successive motion under 28 U.S.C. § 2255, he is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 7th day of December 2021.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE